**CHIPLEY REALTY & DEVELOPMENT COMPANY, INC., NEW ORLEANS, LOUISIANA, Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 3428.   Decided September 26, 1957.

Hamilton & Kramer, Columbus, for appellant.

William Saxbe, Atty. Genl., By John M. Tobin, Asst. Atty. Genl., for appellee.

### OPINION

This appeal is from a sales and use tax assessment order made by the Tax Commissioner against Chipley Realty & Development Company, Inc., hereinafter known as Chipley, on April 23, 1957. The audit period covered extends from June 15 to November 19, 1956. The final order made upon rehearing, stands as follows, if payment is made within the time or times stated in the order; otherwise a penalty is to be added:

|  | Assessment | Penalty | Total |
|---|---|---|---|
| (Sales) | $ 523.11 | None | $ 523.11 |
| (Use) | 2,072.25 | None | 2,072.25 |
| Total Sales and Use Tax | | | $2,595.36 |

The sole question presented in this review is whether or not Chipley was the consumer of the articles assessed. Appellant contends that J.

F. Puckett, d. b. a. Puckett Plumbing Company, hereinafter known as Puckett, was the consumer solely liable for the payment of the tax. Chipley denies that it was in any way engaged in a joint venture with Puckett. The facts are as follows:

Chipley, as the contractor, had engaged to build 206 houses at Grove City, Ohio. On April 26, 1956, it entered into a contract with Puckett as subcontractor for the plumbing work on this project. One of the terms of the subcontract was that Chipley was to make monthly payments to Puckett of 90% of Puckett's monthly invoices (labor, materials, etc.). According to the contract, Puckett was to furnish all labor and materials. In June of 1956, Puckett found himself in financial difficulty and so advised Chipley. A federal tax lien had been imposed upon Puckett's bank account so that thereafter any further monthly payments would be subject to that lien and would not be available to pay Puckett's labor pay rolls or material ordered and used by him on the job. Thereupon Puckett and Chipley agreed, in accordance with their contract, that weekly payments were to be made on Puckett's invoices and pay rolls furnished Chipley. The checks issued to cover these invoices were made payable to both Puckett and his vendor. Puckett would then endorse the check and hand it to his vendor. Puckett's pay roll established the gross weekly labor due. Chipley's check to cover was accompanied by individual checks to each of Puckett's employees. Puckett then deposited Chipley's check and at the same time had the bank certify the employee's checks. By this means the Federal tax lien and the attachment by other creditors of Puckett were avoided, material and labor paid and liens avoided. This is evidenced to be a usual procedure. All invoices by vendors were made exclusively to Puckett. Chipley had nothing to do with the purchase of materials or the hiring of labor. The contract was otherwise pursued as written to completion. Chipley retained copies of all suppliers' invoices and pay rolls in its field office. The departmental audit was made from these copies in Chipley's office. Puckett never made any ST-10 reports or paid any sales and use taxes, but admits that he is liable therefor as a duly licensed person. There is no evidence of a joint venture. It totally lacks any of the necessary elements that are essential to such a relationship. The undisputed evidence is that after the middle of June the contract was fully performed under its terms, the only deviation therefrom being the manner and time of making payments thereunder.

Under this state of facts the Board of Tax Appeals cannot find that Chipley, and not Puckett, was the purchaser and consumer of these plumbing supplies under the provisions of §5739.01 R. C., which defines who is a "consumer." The reason for the change in the method of payment is perfectly obvious; that is, to protect Chipley's contract payments from seizure for Puckett's obligations and to avoid the taking of mechanics' and materialmen's liens on its, Chipley's, property. The contract was not set aside and a new relationship created.

It follows that the assessment order complained of was unreasonable and unlawful and must be and is hereby set aside.